IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARTIN P. SHEEHAN, Trustee of the**
**Bankruptcy Estate of AGS, Inc.,**

      **Plaintiff,**

**v.**                               **//     CIVIL ACTION NO. 1:11CV163**
                                                 (Judge Keeley)

**ALLEN G. SAOUD,**

      **Defendant.**

           **MEMORANDUM OPINION AND ORDER DENYING**
         **MOTION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 157]**

On April 17, 2015, Fred D. Scott ("Scott"), a former defendant and cross-claimant in this civil case, filed a motion seeking supplemental restitution based on his designation as a victim in a related criminal case, <u>United States v. Saoud</u>, Case No. 1:12CR113 (Dkt. No. 157).[1]  Allen G. Saoud ("Saoud"), the defendant in both this case and the criminal case, opposed Scott's motion on May 1, 2015 (Dkt. No. 159).  The issue presented is whether Scott improperly filed his motion for criminal restitution pursuant to 18 U.S.C. § 3664 in this civil case.  For the reasons that follow, the Court answers that question in the affirmative and **DENIES** Scott's motion (Dkt. No. 157).

---

[1] Unless otherwise noted, the citations in this opinion refer to the instant case, 1:11CV163.

**SHEEHAN V. SAOUD**                                                                         **1:11CV163**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 157]**

**BACKGROUND**

**I.   The Criminal Case**

On June 4, 2013, Saoud was indicted in a thirty-two count second superseding indictment (Case No. 1:12CR113, Dkt. No. 56). Those charges included allegations of health care fraud, aggravated identity theft, concealment of material facts in a health care matter, making and subscribing a false tax return, aiding and assisting in the preparation and presentation of a false and fraudulent return, corrupt endeavor to obstruct and impede the due administration of internal revenue laws, falsification of bankruptcy documents, bankruptcy fraud, and false statement to a federal official.  <u>Id.</u>  On June 25, 2013, following a ten-day trial, a jury returned a verdict of guilty on twenty-two counts (Case No. 1:12CR113, Dkt. No. 106).  On July 2, 2013, the Court entered an order adjudging Saoud guilty of thirteen counts of health care fraud, one count of aggravated identity theft, one count of concealment of material facts in a health care matter, one count of corrupt endeavor to obstruct and impede the due administration of internal revenue laws, five counts of bankruptcy fraud, and one count of false statement to a federal agent (Case No. 1:12CR113, Dkt. No. 115).

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 157]**

On March 25, 2014, the Court sentenced Saoud to a total of 99 months of incarceration, three years of supervised release, forfeiture of $1,243.118.29, and a $2,630,000.00 fine (Case No. 1:12CR113, Dkt. No. 170).[2] Importantly, it left open the issue of restitution for 90 days pursuant to 18 U.S.C. § 3664(d)(5) (Case No. 1:12CR113, Dkt. No. 171). On June 5, 2014, the Court entered an amended judgment and commitment order directing Saoud to pay a total of $265,330.04 in restitution (Case No. 1:12CR113, Dkt. No. 196). Relevant to the issues raised here, the Court designated Scott as a victim and awarded him a total of $92,603.00 for attorneys' fees stemming from this civil case (Case No. 1:12CR113, Dkt. No. 197).

**II. The Civil Case**

On October 13, 2011, in his capacity as Trustee of AGS, plaintiff Martin Sheehan ("Sheehan") sued Saoud and Scott, among other defendants, under federal bankruptcy law and the West Virginia Uniform Fraudulent Transfers Act, W. Va. Code § 40-1A-1, *et seq*. (Dkt. No. 3). Scott in turn filed a crossclaim against Saoud (Dkt. No. 19). Saoud filed a motion to dismiss both the

---

[2] The United States Court of Appeals for the Fourth Circuit later affirmed Saoud's convictions. See United States v. Saoud, No. 1:12CR113, 2014 WL 7210734, at *1 (4th Cir. Dec. 19, 2014).

complaint and Scott's cross-claim against him, but subsequently withdrew those motions (Dkt. No. 48). Saoud then answered the complaint and asserted a crossclaim against Scott (Dkt. No. 55).

On October 6, 2014, Sheehan filed an amended complaint against Saoud and Scott (Dkt. No. 86).[3] Scott answered the amended complaint on October 8, 2014 (Dkt. No. 87), followed by Saoud, who filed his answer on October 10, 2014 (Dkt. No. 88). With his answer, Saoud refiled his crossclaim against Scott stemming from the sale of Saoud's shares in CWVD. Id. at 8.

On October 20, 2014, Scott moved for summary judgment on both the complaint and Saoud's crossclaim (Dkt. No. 89). On January 28, 2015, and as amended on February 18, 2015, the Court granted Scott's motion for summary judgment as to Saoud's counterclaim (Dkt. No. 136 at 4-9).

On February 18, 2015, the Court held a final pre-trial conference in this matter, during which it dismissed Scott as a defendant (Dkt. No. 137). At that time, Scott voluntarily withdrew his request to pursue a cross-claim against Saoud. Id.

---

[3] Sheehan also named several individual and corporate defendants, all of whom are irrelevant to the instant motion (Dkt. No. 86).

4

**SHEEHAN V. SAOUD**                                              **1:11CV163**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 157]**

On March 3, 2015, following a two-day trial, the jury returned a verdict for Saoud (Dkt. No. 150). On April 1, 2015, Sheehan filed his notice of appeal, which is currently pending in the United States Court of Appeals for the Fourth Circuit (Dkt. No. 153). The parties did not appeal the Court's ruling granting summary judgment to Scott, and Scott is not a party to the appeal (Dkt. No. 164 at 3).

On April 17, 2015, Scott filed a motion in the instant case seeking supplemental restitution based on his status as a victim of Saoud's criminal conduct (Dkt. No. 157). According to Scott, he was unaware of his additional losses – attorneys' fees and costs in defending the civil litigation – at the time of Saoud's sentencing. Id. at 3. He therefore seeks to recover $74,487.46, of which he claims he first became aware when his role in the civil case concluded on February 18, 2015. Id.

Saoud opposed Scott's motion on May 1, 2015, arguing that (1) it is "unclear" whether Scott's motion is properly before the Court, given the appeal in the case; and (2) Scott cannot seek criminal restitution in a civil case, particularly after he voluntarily withdrew his cross-claim (Dkt. No. 159).

On June 26, 2015, the Court ordered Saoud and Scott to file supplemental briefs addressing the issues of jurisdiction and

whether Scott could seek criminal restitution in a civil case (Dkt. No. 160).[4] Scott supplemented his motion on July 13, 2015, arguing that he should be permitted to seek criminal restitution in this civil case (Dkt. No. 164 at 2). On July 27, 2015, Saoud filed his supplement, contending that Scott's request for supplemental restitution is untimely (Dkt. No. 165 at 2). The motion is now fully briefed and ripe for disposition.

**APPLICABLE LAW**

Restitution is a mandatory component of a federal sentence where, as here, the crime involves fraud and deceit, 18 U.S.C. § 3662(a)(2), or where an identifiable victim has suffered a pecuniary loss, 18 U.S.C. § 3662(c)(1)(B). Further, restitution should be awarded for the full amount of loss suffered. 18 U.S.C. § 3664(f).

Under the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663A, a victim is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or

---

[4] The parties do not dispute that Scott's motion is properly before this Court because it is unrelated to the appeal. See Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014).

pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2).

Procedurally, the MVRA requires the Court to determine a victim's losses at sentencing, or if the victim's losses are not ascertainable at sentencing, within 90 days of sentencing. 18 U.S.C. § 3664(d)(5). "The fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." Dolan v. United States, 560 U.S. 605, 611 (2010).

If the victim "subsequently discovers further losses," he must petition the Court for an amended restitution order within "60 days after discovery of those losses." 18 U.S.C. § 3664(d)(5). The Court will only grant such a petition "upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." Id.

## ANALYSIS

The sole issue before the Court is whether Scott can seek restitution – which he admits stems from Saoud's conviction in a criminal case – in this civil lawsuit.[5] Scott's entitlement to

---

[5] Saoud's arguments that Scott filed this motion untimely or waived his right to restitution by withdrawing his cross claim are

restitution stems from the MVRA. That statute contemplates potential victims petitioning the Court – in the criminal case – within 60 days of discovering further losses. 18 U.S.C. § 3664(d)(5). Although criminal restitution "rests with one foot in the world of criminal procedure and sentencing and the other in civil procedure and remedy," the fact remains that it is essentially "penal." United States v. Bruchey, 810 F.2d 456, 461 (4th Cir. 1987) (internal citations and quotations omitted). The Fourth Circuit has directed that courts "separate as best they can the predominately penal elements of criminal restitution by court order and the purely civil elements of a private compensation agreement . . . ." Id. Simply put, restitution "is not a civil matter . . . ." United States v. Hairston, 888 F.2d 1349, 1355 (11th Cir. 1989).

To that end, the Fourth Circuit has differentiated between a criminal restitution order and a civil lawsuit initiated by a victim. See Bruchey, 810 F.2d at 461. Of course, a victim may file a civil lawsuit against a criminal defendant. Id. A victim also may receive criminal restitution in addition to compensation in a civil case. Hairston, 999 F.2d at 1355. Neither scenario is

---

only relevant if Scott can pursue restitution in this civil case (Dkt. No. 165).

**SHEEHAN V. SAOUD** 1:11CV163

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR SUPPLEMENTAL RESTITUTION [DKT. NO. 157]**

at play here. Rather, Scott is seeking to reopen criminal restitution using this civil case. This he cannot do. If Scott wishes to seek supplemental restitution, he must comply with § 3664(d), which requires him to file a petition in Saoud's criminal case.

For the reasons discussed, the Court **DENIES** Scott's motion for supplemental restitution (Dkt. No. 157).

It so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: February 5, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE